ROSE LEVICK, RESPONDENT, v. ERNIE McCRACKEN ET AL., APPELLANTS.

Argued October 1, 1929—Decided November 6, 1929.

Before Justices PARKER, BLACK and BODINE.

For the appellants, *J. Victor D'Aloia.*

For the respondent, *Herbert L. Elins.*

The opinion of the court was delivered by

PARKER, J. Judgment below was entered against the appellants on June 13th, and they served notice of appeal. By the statute (*Pamph. L.* 1922, *p.* 64, amending section 3 of the act of 1902, page 566, *Comp. Stat., p.* 2017), it was necessary that the state of the case be agreed on between the parties, or failing that, settled by the judge, within twenty-five days after judgment, unless said judge should grant further time for that purpose. There was no extension of time, and consequently it was necessary that the case be agreed on or settled not later than July 8th. The parties failed to agree, and appellants failed to apply to the judge until July 10th, or two days late. He refused to act in the premises. In this situation, appellants applied to this court, which not being fully cognizant of the foregoing facts, made a rule in the alternative, calling on the judge to settle the state of the case or certify his reason for omitting to do so. In response to this he has certified that "the time to perfect the appeal or obtain an order extending the time within which the state of the case might be settled, expired twenty-five days after June 13th, 1929; within which time no request was made to me to settle the state of the case, nor was any application made for an order to extend the time within which such state of the case might be agreed upon or settled." Motion is now made to require him to settle a state of the case in face of the above certificate.

The facts so certified are a complete justification for the refusal of the District Court to settle the case. It is familiar law that in such a situation, respondent is entitled to have the appeal dismissed. *Franz-Milton Co.* v. *Hall,* 73 *N. J. L.* 96; *Wykes* v. *Smarak,* 84 *Id.* 529. In the case before us, respondent has not moved a dismissal; but neither her failure to do so nor her consent to the granting of the motion will justify us in calling upon the trial judge to do something

which the statute applicable to the situation does not require him to do. As was pointed out in *Wykes* v. *Smarak, supra,* the intent of the act was to secure speedy hearing of appeals.

The motion to require the judge to settle the case is denied.